[1] A divorce was heretofore granted to plaintiff (now appellant) from defendant (now respondent). The care and custody of Larry Angus, a child of tender years, was then awarded to plaintiff, with visitation privileges in defendant.
[2] Defendant filed a motion in the circuit court, which granted the divorce, to revive that judgment. That motion alleges that plaintiff has removed from Missouri, and has since married and now lives with her husband in the State of Washington. The transcript also shows that defendant has since remarried.
[3] Defendant alleges that he is unable to visit the child, where it now is, or to know anything about it, and that plaintiff is not a fit person to have the care and custody of the child.
[4] Plaintiff appeared and filed a motion to modify the divorce decree, claiming that defendant had not kept up his monthly payments and charging that he was not a fit person to have the care and custody of the child.
[5] In a cross-petition, plaintiff alleges that the divorce was granted in October, 1947, and states that she has since remarried and that her name is now Irene Miller; that her present husband has a good home in the State of Washington for herself and the child; that said child is still of tender years; that said child has now attained an age where he requires, at all times, the care and attention of a loving mother; that she plans to raise the child properly and give it a good home. She also alleges that the divorce decree should be modified, so as to give her the privilege of keeping the child in the State of Washington.
[6] Miller, the present husband of plaintiff, was a witness in the case, and testified to his willingness and ability to give the child a good home.
[7] On October 5, 1948, the trial court modified the divorce decree and held that both the plaintiff and defendant were not proper persons, at that time, to have the care and custody of the child, and awarded such care and custody to their parents. It provided that the child should be awarded to its maternal grandparents for six months of each year, and then to the paternal grandparents for the following six months, with visitation privileges in both plaintiff and defendant.
[8] The judgment, as to the support and maintenance of the child, was not changed, but defendant was ordered to pay such judgment to the grandparents, having the care and custody of the child at the time, with the costs of the case equally divided between plaintiff and defendant.
[9] Not being satisfied with the trial court's action on the motion for new trial, or on the motion for new trial on the cross-petition, plaintiff has appealed to this court. After different motions to advance the case, and even a mandamus proceeding in the Supreme Court, which proceedings we do not think it necessary to discuss, the case came on regularly for hearing at the October Session, 1949, of this Court.
[10] On September 20, 1949, A. P. Stone, Jr., and Kenneth H. Reid, withdrew as attorneys for defendant, before the case was submitted here. This left Rufe Scott, of record, as attorney for defendant in this Court. Even he, as sole attorney for defendant, did not appear and argue the case. Neither has he, nor any other attorney, representing defendant, filed a brief or appeared orally in opposition to the brief of appellant. *Page 797 
[11] The record below is attacked by appellant on several grounds. While this is a proceeding to revive the judgment granting a divorce, the record of such decree of divorce was not in the transcript of the evidence, as furnished by appellant. That decree of divorce, as originally granted, has now been furnished to this Court, and will be considered by us.
[12] The fourth paragraph of such decree of divorce reads as follows: "It is further ordered, adjudged and decreed by the court that Plaintiff be, and she is hereby awarded care and custody of minor child born of the marriage and named, Larry Linn Angus, with visitation privileges granted Defendant at any reasonable time, in a peaceable manner, unless Defendant father persists in teaching such child to swear and use vulgar language. It is further ordered that in the event Defendant persists in such conduct then the matter of visitation will be further inquired into by the court of its own motion."
[13] That visitation provision sounds quite out of harmony with the visitation provision in the decree in the present case. That provision was: "While the grandparents on the mother's side have such child the father of such child can visit the same once per month for a reasonable time in a peaceable manner," without placing any restriction on the father, as in the original decree of divorce, which gave the father visitation privileges "unless Defendant father persists in teaching such child to swear and use vulgar language."
[14] This is an equity case and tried without a jury. We are required, in such a case, to "review the case upon both the law and the evidence". (d) Section 114, Laws of Mo. 1943, page 388, Mo.R.S.A. § 847.114(d).
[15] We are not at all satisfied with the judgment in this case, finding that the mother was not a proper person, at the time, to have the care and custody of her child of tender years, and ordering such child into the care and custody of appellant's parents for six months' period, with visitation privileges in his father. All that the evidence shows against the mother is her residence in the State of Washington.
[16] We are fully satisfied that we have the authority, under the statute cited, to make such an order as we feel that the trial court should have made. We surmise, from his order, that the trial judge did not want the child removed from the jurisdiction of his court, although he did not say so in his order. This is the reasonable explanation for his finding that the mother and the father were "not the proper persons at this time to take the care and custody of such minor child," and for his giving such care and custody to the grandparents in alternate six months' periods. Both sets of grandparents lived in Missouri and were therefore not out of the jurisdiction of the trial court. He also kept the case on his docket for further orders. All of these things convince us that the trial court regarded his provision for the care and custody of the child as only temporary.
[17] Children of tender years have heretofore been taken out of the jurisdiction of the court granting the divorce and such removal has, from time to time, met with appellate court approval.
[18] Appellant has cited Lane v. Lane, Mo. App., 186 S.W.2d 47, 50. In that case Judge Anderson, of the St. Louis Court of Appeals, said: "Having reached the conclusion that the bests
interests of the child would be served by permitting it to be with its mother, the only remaining question is whether plaintiff's motion should be denied because it requests permission to take the child out of the state and to a foreign country. We do not believe that that fact should be considered an obstacle when the best interests of the child demand that the permission be granted."
[19] Judge Anderson also quoted from the case of Conrad v. Conrad, Mo.App., 296 S.W. 196, loc. cit. 198, as follows: "As to the first proposition involved, we appreciate that it is ordinarily against the policy of the law to permit the removal of a minor child to another jurisdiction, although such matter of policy will never be *Page 798 
allowed to stand in the way of the best interests of the child itself."
[20] Judge Anderson further said, "The welfare of the child is the controlling consideration, and not the place where the child may happen to go."
[21] In Ellis v. Johnson, 260 S.W. 1010, cited by appellant, which we have found also at 218 Mo.App. 272, this Court had before it the claims of the parents for the custody of the child. The mother lived in California, had the child in California and had remarried. The father had secretly removed the child to Missouri. The mother followed and instituted a proceeding against her former husband, and the court in Greene County made an order awarding the care and custody of the child to the grandparents. This Court reversed the judgment of the trial court and remanded the case and directed that court to set aside its judgment and to enter another judgment, awarding the care and custody of the child to the mother, although she then lived in the State of California, and there was no evidence that she intended to return to Missouri with the child.
[22] In the case before us, the ability and willingness of neither set of grandparents were shown in the transcript, and the child of tender years was awarded to them by the trial court, without any showing in the transcript that the mother, who had a much better claim on her child, was not a fit person to be so intrusted, even if she did live in the State of Washington.
[23] The mother is the one most interested in the child and more likely to do well by it, than either set of grandparents. The welfare of the child, especially one of tender years, is of much greater concern to any court, than the location of the child itself.
[24] It is our order that the judgment of the trial court be set aside and that court be directed to enter a judgment awarding the care and custody of Larry Angus to appellant, until such time as the evidence may show she is not a fit person to have such care and custody, with the right in respondent to visit the child, in the home of the mother, at such times as the trial court may determine, and to award appellant such sums, for the support and maintenance of said child as the trial court may find necessary, and that the costs of this case and of this appeal be assessed against respondent.
[25] It is so ordered.
[26] VANDEVENTER, P. J., and McDOWELL, J., concur.